**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| _____ | : | |
| NAUTILUS INSURANCE CO. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LIU CONSTRUCTION, LLC, *et al.* | : | No. 22-4936 |
| Defendants. | : | |
| _____ | : | |

<u>**MEMORANDUM OPINION**</u>

**PAMELA A. CARLOS**                                                              **April 26, 2024**
**U.S. MAGISTRATE JUDGE**

      Following a construction accident in Philadelphia, Defendant Liu Construction, LLC,

("Liu Construction") was sued in state court. Liu Construction's insurer, Nautilus Insurance

Company ("Nautilus"), initiated the present federal court action seeking a declaration that it has

no duty to defend or indemnify Liu Construction in the underlying state court matter. Although

an active participant when this litigation began, Liu Construction eventually stopped all

communication with its counsel, opposing counsel, and this Court, resulting in an entry of

default. Presently before the Court is Nautilus' motion for a default judgment. For the reasons

that follow, Nautilus' motion will be granted.

## I.    BACKGROUND

      Helio Vaz alleges that he was severely injured when the below-ground-level trench that

he was working in collapsed on him. Doc. No. 10-1, at ¶¶ 32–35 (state court complaint). He sued

Liu Construction, the general contractor for the project, in state court for personal injury

damages.[1] Doc. No. 10, at ¶¶ 2, 57 (amended complaint). To defend itself, Liu Construction reached out to its general liability insurance carrier, Nautilus. Nautilus agreed to initially provide a defense, subject to a full reservation of rights, but warned Liu Construction that it believed there was no coverage available for this incident. *See id.* ¶¶ 4, 72.

Consistent with that understanding, Nautilus initiated the present declaratory judgment action.[2] *See* Doc. No. 10, at ¶¶ 1, 8. Once the initial pleadings were filed,[3] a scheduling conference was held with counsel, and the parties began engaging in discovery. In order to facilitate a prompt resolution of this matter, a settlement conference with a magistrate judge was scheduled for late August 2023. *See* Doc. No. 21.

But before the conference could be held, Liu Construction's counsel informed opposing counsel and the Court that there had been a breakdown in communication with his client, and therefore the settlement conference had to be cancelled. On September 1, 2023, defense counsel formally moved to withdraw his representation. *See* Doc. No. 23. A hearing on the motion was scheduled for later that month, and a personal representative from Liu Construction was ordered to attend. *See* Doc. No. 24. To ensure that Liu Construction had notice of the hearing, defense counsel was directed to serve a copy of the relevant order. *See id.*

Yet no representative from Liu Construction was present at the hearing held on September 26, 2023. This was not for a lack of notice: defense counsel testified that he ensured that his client was informed of the hearing. *See also* Doc. No. 25 (certificate of service). Based

---

[1] The underlying action is *Vaz v. Bala Spring Estate LLC, et al.*, No. 220501112, filed in the Philadelphia County Court of Common Pleas. *See* Doc. No. 10, at ¶ 52.

[2] Nautilus also sued Defendant Bala Spring Estate, LLC ("Bala Spring"), the alleged project owner at the construction site. *See* Doc. No. 10. However, Nautilus and Bala Spring reached a stipulation to dismiss all of the claims against Bala Spring, leaving Liu Construction as the sole defendant in this matter. *See* Doc. Nos. 29, 30.

[3] The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). *See* Doc. Nos. 14, 16.

on the testimony given at the hearing, and without any argument from Liu Construction as to why the motion should not be granted, defense counsel was permitted to withdraw. *See* Doc. No. 27. The remaining deadlines were then extended by sixty days to give Liu Construction sufficient time to secure new counsel. *See id.* Importantly, the order extending deadlines also warned Liu Construction that failure to promptly obtain substitute counsel could result in a default judgment.[4] *See id.*

No new counsel entered their appearance on behalf of Liu Construction. So, after the remaining deadlines passed, on December 13, 2023, Nautilus requested that the clerk's office enter a default against Liu Construction. *See* Doc. No. 31. In support of the request, Nautilus cited to Liu Construction's failure to respond to outstanding discovery requests and to retain new counsel. *See id.* And without counsel, Liu Construction could not defend itself in this action, necessitating the entry of default. *See id.*

Yet again, Liu Construction did not respond to Nautilus' request for default. Accordingly, on January 3, 2024, the Court ordered Liu Construction to show cause as to why default should not be entered against it for not "otherwise defending" this matter by not retaining substitute counsel. *See* Doc. No. 32. The show cause hearing was scheduled for February 15, 2024, giving Liu Construction nearly six weeks to prepare. *See id.* Furthermore, the order permitted Liu Construction, in lieu of attending the hearing, to retain substitute counsel, so long as counsel entered their appearance no later than February 14, the day before the hearing. *See id.* Nautilus' counsel was then directed to serve a copy of the motion and order on Liu Construction. *See id.* Counsel complied by filing a certificate of service on January 4, indicating that the documents were sent by both regular and certified mail with return receipt requested. *See* Doc. No. 33.

---

[4] Prior counsel certified that this order was served on Liu Construction. *See* Doc. No. 28.

Because no attorney entered their appearance for Liu Construction, a show cause hearing was held on February 15, 2024. Only counsel for Nautilus was in attendance, and therefore default was entered against Liu Construction. *See* Doc. Nos. 35, 36. Nautilus was then instructed to file any default judgment motion no later than March 1, 2023, and Liu Construction was permitted to respond by March 15, 2023. *See* Doc. No. 35. Nautilus complied, and its motion is currently pending. *See* Doc. No. 38. Now that the time to respond has passed,[5] this matter is now ready for disposition.

## II.    LEGAL STANDARDS

Rule 55(a) requires default to be entered against a party who has "failed to plead or otherwise defend."[6] FED. R. CIV. P. 55(a). The Third Circuit has interpreted the phrase "otherwise defend" broadly, understanding that it means more than the failure to enter an appearance or answer the complaint. *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 917 (3d Cir. 1992), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S.411 (2022). Guided by this precedent, district courts in this circuit routinely enter default against a previously represented corporate defendant who, in violation of a court order, failed to secure substitute counsel. *See, e.g.*, *Mendelsohn, Drucker & Assocs., P.C. v. Titan Atlas Mfg., Inc.*, No. 12-0453, 2013 WL 1842124, at *5 (E.D. Pa. May 2, 2013); *cf. Hoxworth*, 980 F.2d at 918 (concluding that the district court could have, under Rule 55, "imposed a default judgment against the defendants for failure to comply with its own unambiguous order to obtain substitute

---

[5] Ten days after the deadline for Liu Construction to respond, new counsel entered their appearance and requested an additional fourteen days to respond. *See* Doc. Nos. 39, 40, 41. Finding no excusable neglect for missing the deadline, I denied the request. *See* Doc. No. 42.

[6] Even though Rule 55(a) speaks in terms of the clerk entering default, it is well-settled that judges too can enter a default. *See* WRIGHT & MILLER, FED. PRAC. & PROC. § 2682 ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so."); *see also Hoxworth*, 980 F.2d at 917 n.11 ("Although the Rule refers only to the clerk's entry of default, it is undisputed that the court may impose a default as a sanction.").

counsel, file a pretrial memorandum, and respond to the plaintiffs' discovery requests").[7] The reason is that not only has the defendant defied a court order, but corporate entities are not allowed proceed in federal court without counsel. Logically then, without such representation, corporate defendants are unable to "otherwise defend" against an action, thereby justifying default under Rule 55. *See, e.g.*, *Mendelson, Drucker & Assocs., P.C.*, 2013 WL 1842124, at *5; *Rhino Assocs., L.P.*, 531 F. Supp. 2d at 656; *Vuuzle Media Corp.*, 2023 WL 4118438, at *2.

Following the entry of default,[8] the opposing party must then apply to the court for a default judgment. *See* FED. R. CIV. P. 55(b). As a threshold matter, before entering a default judgment, the court must ensure that the complaint, when accepting the well-pleaded factual allegations as true, states a claim upon which relief can be granted.[9] *See, e.g.*, *Rayz v. Progressive Ad Solutions, LLC*, 2015 WL 3555310, at *1 (E.D. Pa. June 8, 2015).

Having confirmed that the complaint establishes a cause of action, the Court must then decide whether to exercise its discretion to enter a default judgment. *See, e.g.*, *id.* at *2; *see also Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987) ("As a general matter, this court does not favor default judgments . . . ."). Generally, this analysis requires courts to consider the three factors discussed in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *See Penumella .v Pham*, No. 22-1197, 2023 WL 9004918, at *2 (E.D. Pa. Dec. 28, 2023)

---

[7] *See also R.W. Sauder, Inc. v. B.F. Agricultural Acquisition, LLC*, No. 14-769, 2015 WL 6503385, at *3 (E.D. Pa. Oct. 28, 2015); *Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.*, 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007); *United States Securities & Exchange Commission v. Vuuzle Media Corp.*, No. 21-cv-1226, 2023 WL 4118438, at *2 (D.N.J. June 22, 2023).

[8] Entry of default "does not automatically result in the plaintiff recovering what was demanded in the complaint." WRIGHT & MILLER, FED. PRAC. & PROC. § 2688.1 (cleaned up). Rather, the impact of the default is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Id.*

[9] In addition, the court must, as always, ensure that it has subject matter jurisdiction over the action. Here, Nautilus properly pled diversity jurisdiction. *See* Doc. No. 10, at ¶¶ 34–37. Therefore, there is no concern of a lack of jurisdiction.

(describing the three factors as "(1) the potential for prejudice to the plaintiff if default judgment is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's failure to respond is due to culpable conduct").

However, where, such as here, the default judgment is premised on a corporate defendant's failure to obtain counsel, many courts instead consider whether a default judgment is appropriate as a sanction.[10] *See, e.g.*, *Nike USA, Inc. v. Official Unlimited Inc.*, No. 18-5460, 2022 WL 1203725, at *4 –5 (E.D. Pa. Apr. 21, 2022) ("When the plaintiff has filed a motion for default judgment against a defendant who filed an answer or other responsive pleading but then failed to properly participate in the litigation, default judgment functions as a sanction."). This analysis requires the court to weigh the six factors listed in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), some of which overlap with the *Chamberlain* factors. These factors are "(1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary . . . ; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." *Id.* (emphasis in original).

## III.    DISCUSSION

Nautilus urges this Court to enter a default judgment against Liu Construction. Such a sanction is warranted, according to Nautilus, because (1) the amended complaint has sufficiently stated a claim, and (2) all six *Poulis* factors support the entry of a default judgment under these

---

[10] Some courts suggest that such a failure may be sufficient grounds, on its own, for a court to exercise its discretion and enter a default judgment. *See, e.g.*, *Mendelson*, 2013 WL 1842124, at *5. Even so, these courts often continue with an analysis of the *Poulis* factors.

circumstances. After careful review, I agree with Nautilus that a default judgment against Liu Construction is appropriate.

### A.  Nautilus has stated a claim upon which relief can be granted.

Nautilus contends that it easily stated a valid claim for declaratory relief in its amended complaint.[11] Doc. No. 38-1, at 9–11; *see also* Doc. No. 10. There, Nautilus alleged that there was no coverage for the underlying lawsuit under the relevant insurance policy, citing the injury to employees (and others) exclusion and the subsidence exclusion. *See* Doc. No. 10, at ¶¶ 66–67. And because there is no coverage pursuant to those exclusions, Nautilus asserts that it has no duty to defend or indemnify Liu Construction in the underlying action. *See* Doc. No. 38-1, at 9–11.

An insurance company's duty to defend and duty to indemnify are "distinct, though related, obligations." *Sapa Extrusions, Inc. v. Liberty Mutual Insurance Co.*, 939 F.3d 243, 249 (3d Cir. 2019) (citing to *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 n.7 (Pa. 2006)). In Pennsylvania, "[a]n insurer is obligated to defend its insured if the factual allegations of the complaint on its face encompass an injury that is actually or potentially within the scope of the policy." *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr.*, *Inc.*, 2 A.3d 526, 541 (Pa. 2010). To determine whether a claim is potentially covered under the policy, the court must compare the underlying complaint to the relevant policy language. *See Vitamin Energy, LLC v. Evanston Ins. Co.*, 22 F.4th 386, 392 (3d Cir. 2022) ("Whether a claim is

---

[11] In its amended complaint, Nautilus technically brought two claims against Liu Construction. *See* Doc. No. 10, at ¶¶ 97–110 (count II), 112–25 (count III). The first was a declaratory judgment claim premised on the fact that Nautilus does not owe coverage to Liu Construction for the underlying state court case. *See id.* ¶¶ 97–110. The second claim alleged that Liu Construction, along with Bala Spring, engaged in fraudulent conduct in an effort to obtain coverage for Bala Spring. *See id.* ¶¶ 112–25. However, in its declaratory judgment motion, Nautilus only appears to reference the first claim, making no reference to the allegedly fraudulent conduct. This is understandable: for both claims, Nautilus seeks the same relief—a declaration that it is not required to defend or indemnify Liu Construction. *See id.* ¶¶ 110, 125. As such, I will only grant default judgment as to the first claim (count II) and will dismiss the second claim (count III) as moot.

potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the [underlying] complaint." (quoting *Erie Ins. Exch. v. Moore*, 228 A.3d 258, 265 (Pa. 2020))). If the court, after having conducted this analysis, determines that there is no duty to defend, then there is likewise no duty to indemnify. *Sapa Extrusions*, 939 F.3d at 250 ("[B]ecause the duty to defend is 'broader' than the duty to indemnify, if a court determines that the former does not exist, neither does the latter") (quoting *Kvaerner*, 908 A.2d at 896 n.7)).

Comparing the relevant insurance policy to the underlying state court complaint here, it is evident that Nautilus has asserted a valid claim that there is no coverage for Liu Construction. As mentioned above, the Nautilus insurance policy included two exclusions to the bodily injury coverage that are applicable to the facts of the underlying complaint: the injury to employees, contractors, volunteers, and other workers exclusion, and the subsidence exclusion. *See* Doc. No. 38-7, at 8, 9. I will discuss each briefly below.

First, as the name suggests, the employees, contractors, volunteers, and other workers exclusion precludes coverage, under the policy, for injuries to those individuals that occurred while performing duties related to the insured's business.[12] *See* Doc. No. 38-7, at 8. Helio Vaz,

---

[12] The injury to employees, contractors, volunteers, and other workers exclusion states in full:

    A.  Exclusion **e. Employer's Liability** of **2. Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** is **replaced** by the following:
This insurance does not apply to:
**e. Injury to Employees, Contractors, Volunteers and Other Workers**
"Bodily injury" to:
    (1)  "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or
    (2)  Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors
arising out of and in the course of:
    (a)  Employment by any insured; or
    (b)  Directly or indirectly performing duties related to the conduct of any insured's business; or
    (3)  The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal

the plaintiff in the underlying state court action, alleges that he was one such individual. *See* Doc. No. 38-3, at ¶¶ 15–17 (amended state court complaint). According to Mr. Vaz's amended complaint, Liu Construction (and/or Bala Spring) had contracted with Mr. Vaz's employer, J & S Foundation, to perform excavation-type work at a construction site. *Id.* Mr. Vaz was working on that project, through his employment with J & S Foundation, when he suffered the injuries that form the basis of the underlying action. *See id.* ¶¶ 15–17, 37–40. Mr. Vaz's status—an employee of one of Liu Construction's contractors, subcontractors, or independent contractors whose injuries arose from his work on Liu Construction's project—places him squarely within this exclusion. *See Nautilus Ins. Co. v. HCV 121 S. Broad, LLC*, No. 19-79, 2022 WL 2436622, at *1 n.1 (E.D. Pa. Apr. 20, 2022) (applying, at the motion to dismiss stage, the same exclusion to an "insured's contractor's subcontractor's employee"). As such, Nautilus has sufficiently alleged that it is not required to defend (and thereby indemnify) Liu Construction in the state court action.

  Second, the subsidence exclusion also precludes coverage for the underlying state court action.[13] That exclusion specifies that the insurance policy does not cover injuries "arising out of,

---

       worker, contractor, subcontractors, or independent contractor arising out of Paragraph (1) or (2) above.
This exclusion applies:
 (1) Regardless of where the:
  (a) Services are performed; or
  (b) "Bodily injury" occurs; and
 (2) Whether any insured may be liable as an employer or in any other capacity; and
 (3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
B. Exclusion **a. Any Insured** of **2. Exclusions** of **Section I – Coverage C – Medical Payments** is **replaced** by the following:
  We will not pay expenses for "bodily injury":
    **a. Any Insured**
    To any Insured.

*See* Doc. No. 38-7, at 8.

[13] The subsidence exclusions states in full:

resulting from, contributed to, aggravated or concurrently caused by subsidence or movement of soil, land, bedrock or earth, whether natural, manmade or otherwise." *See* Doc. No. 38-7, at 9 (quotation marks omitted). The policy goes on to further define "subsidence or the movement of soil, land, bedrock, or earth" to include, among other things, the "caving in" of those elements. *See id.* Looking at Mr. Vaz's amended complaint, he alleges that the below-ground trench he was working in "caved in" on him and caused his extensive injuries. *See* Doc. No. 38-3, at ¶ 37. Therefore, the allegations in the underlying action unambiguously fall within the scope of the subsidence exclusion, meaning Nautilus has shown that there was no duty to defend or indemnify Liu Construction in state court.

### B. Default judgment is an appropriate sanction for Liu Construction's failure to obtain substitute counsel.

Having now confirmed that Nautilus stated a legitimate cause of action in its amended complaint, the next question is whether a default judgment against Liu Construction is an appropriate sanction for not defending this action. To make that determination, I must consider the six factors discussed in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

---

A. The following exclusion is **added** to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability, Coverage B – Personal and Advertising Injury Liability** and **Coverage C – Medical Payments:**
This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments directly or indirectly arising out of, resulting from, contributed to, aggravated or concurrently caused by "subsidence or movement of soil, land, bedrock or earth", whether natural, manmade or otherwise.
We have no duty to defend any insured against any loss, claim, "suit", or other proceeding alleging damages arising out of or related to "bodily injury", "property damage", "personal and advertising injury" or medical payments to which this exclusion applies.

B. For the purpose of this endorsement, the following is **added** to the **Definitions** section:
"Subsidence or movement of soil, land, bedrock or earth" includes, but is not limited to settling, bulging, shaking, sinking, slipping, shifting, eroding, rising, tilting, expanding, contracting, shrinking, instability, falling away, caving in, landslide, mudflow, flood, sinkhole, earthquake, volcano, or avalanche.

*See* Doc. No. 38-7, at 9.

Nautilus submits that each factor weighs in favor of default judgment. *See* Doc. No. 38-1, at 13–18. After carefully balancing the relevant factors, I agree that default judgment is warranted.

       1.  *Party Responsibility.*

To start, Liu Construction is fully responsible for not defending this action. Indeed, it was Liu Construction, not its attorney, who cut off all communication with counsel, who ignored multiple court orders directing that a personal representative from the company appear at hearings, and who disregarded warnings that it must obtain substitute counsel or else risk default. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (noting that a *pro se* party's failure to comply with court orders could not be blamed on counsel); *see also Williams-Lester v. Vision Financial Corp.*, No. 15-6662, 2017 WL 457184, at *5 (E.D. Pa. Feb. 1, 2017) ("[B]ecause a corporation cannot represent itself in federal court, [the corporate defendant] bears substantial personal responsibility to follow the Court's orders and appoint new counsel."). As such, this factor strongly weighs in favor of a default judgment.

       2.  *Prejudice.*

Next, the delays caused by Liu Construction's failure to defend this action have significantly prejudiced Nautilus. Not only has Liu Construction's dilatory conduct obstructed Nautilus from litigating its case in federal court, but it has prevented Nautilus from withdrawing its defense of Liu Construction in state court. This means that during the pendency of this proceeding, Nautilus has continued to pay for Liu Construction's defense in state court.[14] *See* Doc. No. 38-1, at 13–14. Funding a defense that it is not required to pay for is undoubtedly prejudicial. *See Zurich Am. Ins. Co. v. Gutowski*, 644 F. Supp. 3d 123, 140 (E.D. Pa. 2022) (Smith, J.) (concluding that insurer suffered prejudice because it was "currently expending funds

---

[14] Notably, Liu Construction has been an active participant in state court at Nautilus' expense.

under a reservation of rights to defend [insured] in the [state court] action . . . even though, as the court has determined, [insured] is not entitled to coverage under the Policy"). Therefore, this factor too weighs in favor of default judgment.

### 3. *History of Dilatoriness.*

Turning to the third factor, Liu Construction has demonstrated a clear history of dilatoriness. Starting in June 2023, Liu Construction effectively ended communication with its counsel and stopped defending this matter. It ignored repeated attempts by both counsel and this Court to get in contact and encourage the resumption of its defense. *See, e.g.*, Doc. No. 23 (motion to withdraw); Doc. No. 24 (order scheduling hearing); Doc. No. 27 (order granting withdrawal motions and extending deadlines to give Liu Construction time to obtain new counsel); Doc. No. 32 (order scheduling show cause hearing as to why Liu Construction had not secured substitute counsel). For the last ten months, Liu Construction has taken no action in this matter, formal or informal; it has let all deadlines pass without excuse and not responded to multiple court orders.[15] By completely disregarding its obligations to counsel and the Court, Liu Construction has created a strong pattern of dilatory behavior. Accordingly, this factor weighs in favor of default judgment.

### 4. *Willfulness or Bad Faith.*

The fourth factor—willfulness or bad faith—has also been established here. "Willfulness involves intentional or self-serving behavior." *Adams* v. *Trustees of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 875 (3d Cir. 1994). Indeed, Liu Construction's conduct

---

[15] Interestingly, Liu Construction waited until after the deadline to respond to the default judgment motion to secure substitute counsel. *See* Doc. Nos. 39, 40. But even after retaining new counsel, Liu Construction has still not provided an adequate explanation as to why counsel was not hired earlier or why it had not previously responded to court orders. This suggests that Liu Construction was aware of these proceedings and intentionally chose to ignore its responsibilities here, causing significant delay.

throughout this litigation has been intentional and self-serving. As Nautilus points out in its motion, Liu Construction has "selectively chosen to ignore its responsibilities" and violate court orders in this case, yet at the same time is "actively participating in its defense" in state court. *See* Doc. No. 38-1, at 16. Nautilus hypothesizes that Liu Construction has done so in order to continue to receive a defense in state court (that it is not entitled to) for as long as possible. To be sure, Liu Construction has provided no excuse, let alone a reasonable one, for its failure to abide by this Court's directives, despite being given multiple opportunities.[16] This is sufficient for purposes of willfulness. *See, e.g.*, *Emerson*, 296 F.3d at 191 (agreeing that a party's conduct "in failing to comply with the court's orders and in dragging the case out was willful and not merely negligent or inadvertent"); *Nike USA, Inc.*, 2022 WL 1203725, at *7 (noting that courts in this circuit have recognized that "the 'absence of reasonable excuses may suggest that the conduct was willful or in bad faith'" and concluding that the corporate defendant's "failure to comply with this Court's orders—directing it to obtain counsel and then directing it to show cause—compels a finding of willfulness" (quoting *Jimenez v. Rosenbaum-Cunningham, Inc.*, 07-1066, 2010 WL 1303449, at *7 (E.D. Pa. Mar. 31, 2010))). As such, this factor again weighs in favor of default judgment.

5. *Alternative Sanctions.*

Looking at the next factor, there are no other sanctions that would be effective in obtaining Liu Construction's participation in this matter. Notably, lesser sanctions, such as

---

[16] In fact, it was not until after the deadline to respond to the present motion that Liu Construction finally secured new counsel. *See* Doc. Nos. 39, 40. Despite the significant delay, Liu Construction still did not explain why it waited so long to attempt to obtain substitute counsel, especially considering that this Court had provided ample opportunities not only to hire counsel but also to communicate with the Court. This further supports a finding of willfulness.

directives for compliance and show cause orders, have already been used to no avail: Liu Construction has simply ignored them. This suggests that any alternative sanctions other than default judgment would be ineffective. *See Collura v. City of Phila.*, 590 F. App'x 180, 188 (3d Cir. 2014) (weighing the fifth *Poulis* factor in favor of dismissal because the party's "history of unresponsiveness to the District Court's orders suggest that alternative sanctions would not be effective"). Therefore, this factor also weighs in favor of default judgment.

6. *Meritoriousness of Defenses.*

Lastly, it is not evident that Liu Construction has a meritorious defense to Nautilus' claims. Its answer merely states general denials and conclusory averments that it is entitled to coverage. *See* Doc. No. 11. As such, this factor weighs in favor of default judgment.

* * *

Given that each *Poulis* factor supports its entry, I find that default judgment is an appropriate sanction for Liu Construction's failure to defend.

IV.   **CONCLUSION**

For the reasons explained above, Nautilus' motion for default judgment is granted. An appropriate order follows.

BY THE COURT:


 _s/Pamela A. Carlos_
PAMELA A. CARLOS
U.S. Magistrate Judge